UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FREDDIE DONALDSON,

    Plaintiff,

v.                                            Case No. 3:21-cv-00396-BJD-JRK

JACKSONVILLE SHERIFF'S
OFFICE,

    Defendant.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Plaintiff, Freddie Donaldson, a pretrial detainee, initiated this action in the Fourth Judicial Circuit in and for Duval County, Florida, by filing a "[n]otice of intent to file a civil lawsuit claim against the Jacksonville Department (Sheriff Mik[e] Williams)" (Doc. 3). The Office of General Counsel, on behalf of the City, removed the action to this Court because Plaintiff alleges his constitutional rights were violated. See Notice of Removal (Doc. 1). Upon removal, the Court directed Plaintiff to submit an amended complaint using the Court-approved form. See Order (Doc. 4). Plaintiff has complied (Doc. 5; Am. Compl.), and his amended complaint, which is unsigned, is before the Court for screening.

In his amended complaint, Plaintiff alleges the Jacksonville Sheriff's Office (JSO) violated his Fourteenth Amendment rights by failing to provide

"adequate housing." See Am. Compl. at 3, 5. He asserts that, due to JSO's negligence and "false advertisements," he contracted COVID-19 and "did not receive any medical att[ent]ion." Id. at 5. As relief, he seeks compensatory damages. Id. Plaintiff concedes he did not submit a grievance at the jail, but he contends JSO "did not have any grievance [sic] available at that time." Id. at 7, 8.

The Prison Litigation Reform Act (PLRA) requires a district court to review a civil complaint filed by "any person incarcerated or detained" who seeks "redress from a governmental entity." 28 U.S.C. § 1915A(a). If an inmate "fails to state a claim upon which relief may be granted," the court "shall . . . dismiss the complaint." 28 U.S.C. § 1915A(b). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A complaint must "contain either direct

2

or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted). A court must liberally construe a pro se plaintiff's allegations, Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011), but need not serve as his attorney, Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. When a plaintiff attempts to sue an entity, as opposed to an individual, the law of the state in which the district court sits determines whether the entity has the capacity to be sued under § 1983. See Dean v. Barber, 951 F.2d 1210, 1214-15 (11th Cir. 1992) (stating that certain subdivisions of local or county governments, such as sheriff's departments and police departments, generally are not legal entities subject to suit).

In Florida, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983. See Faulkner v. Monroe Cnty. Sheriff's Dep't, 523 F. App'x 696, 701 (11th Cir. 2013) (affirming dismissal of a civil rights action against the Monroe County Sheriff's Office). See also Monroe v. Charlotte Cnty. Jail,

No. 2:15-cv-729-FtM-99MRM, 2015 WL 7777521, at *2 (M.D. Fla. Dec. 3, 2015) ("A correctional facility or [a] jail is not a proper defendant in a case brought under 42 U.S.C. § 1983." (citing Chapter 30, Florida Statutes)).

The PLRA provides, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is "a precondition to an adjudication on the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). See also Jones v. Bock, 549 U.S. 199, 211 (2007). While "the PLRA exhaustion requirement is not jurisdictional[,]" Woodford v. Ngo, 548 U.S. 81, 101 (2006), "exhaustion is mandatory . . . and unexhausted claims cannot be brought," Pavao v. Sims, 679 F. App'x 819, 823 (11th Cir. 2017) (per curiam) (citing Jones, 549 U.S. at 211).

Inmates are not required to "specially plead or demonstrate exhaustion in their complaints." See Jones, 549 U.S. at 216. Nevertheless, when an inmate's failure to exhaust administrative remedies is apparent on the face of the complaint, a district court may dismiss the complaint under the PLRA. Bingham, 654 F.3d at 1175 ("A complaint may be dismissed if an affirmative defense, such as failure to exhaust, appears on the face of the complaint."). See also Okpala v. Drew, 248 F. App'x 72, 73 (11th Cir. 2007) (holding the district court properly dismissed the plaintiff's complaint under 28 U.S.C. § 1915A

4

because the plaintiff's failure to exhaust administrative remedies was clear "from the face of the complaint").

Plaintiff's complaint is subject to dismissal for two reasons. First, Plaintiff fails to state a plausible claim for relief because he names as the sole Defendant an entity not amenable to suit under § 1983. Even had Plaintiff named an employee of the JSO as a Defendant, he alleges no facts permitting the reasonable inference his constitutional rights were infringed. Plaintiff only complains the housing conditions at the jail were inadequate, and he contracted COVID-19 because of JSO's negligence.

The Eleventh Circuit has emphasized that "deliberate indifference is not a constitutionalized version of common-law negligence." Swain v. Junior, 961 F.3d 1276, 1287 (11th Cir. 2020). Thus, the inability to control the spread of a contagious, deadly virus inside a jail does not necessarily establish jail officials were deliberately indifferent to a risk of harm if they took reasonable actions to address the risk, "even if the harm ultimately [was] not averted." Id. at 1298-88. See also Farmer v. Brennan, 511 U.S. 825, 837 (1994) ("The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'"); Wilson v. Seiter, 501 U.S. 294, 298-99 (1991) ("To be cruel and unusual punishment, conduct … must involve more than

ordinary lack of due care for the prisoner's interests or safety." (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986))).

Even if Plaintiff did not receive medical care, he does not allege his condition was so severe as to have required medical attention, nor does he allege he requested medical attention but was ignored. Plaintiff's bare, conclusory assertion that he received no medical attention amounts to no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," which does not satisfy the federal pleading standard. Iqbal, 556 U.S. at 678. See also Tani v. Shelby Cty., Ala., 511 F. App'x 854, 857 (11th Cir. 2013) (affirming dismissal of a complaint that alleged, as labels and conclusions, violations of various constitutional rights with no supporting facts to "explain what actions caused which violations").

Second, Plaintiff concedes he did not "file a grievance in the jail . . . concerning the facts relating to [his] complaint." See Am. Compl. at 7. As such, it is evident from the face of the complaint that Plaintiff did not exhaust administrative remedies. Plaintiff suggests the grievance process was "unavailable" to him, alleging "[t]hey did not have any grievance [sic] available at that time." Id. at 8. When a grievance procedure exists, administrative remedies are considered "unavailable" only in narrow circumstances, such as when the process "operates as a simple dead end," when it is so complex or

convoluted that an inmate cannot be expected to understand or follow it, or when jail officials actively thwart an inmate's attempt to file a grievance. Geter v. Baldwin State Prison, 974 F.3d 1348, 1355 (11th Cir. 2020).

Plaintiff alleges no facts showing the grievance process was unavailable to him. He does not contend, for example, that the grievance process was impossible to navigate or that an officer threatened to harm him if he formally complained. Plaintiff also does not explain the efforts he took to obtain or submit a grievance form. His bare, conclusory assertion that the grievance process was unavailable is insufficient.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of May 2021.

$$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxx}$$
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Freddie Donaldson
Counsel of Record